# FEDERAL COURT

No. 276

STARK et v. UNITED STATES et

U. S. District Court

No. 3614.   Decided May 28, 1926

665.   JOINDER—1.   Where suit is brought to regain federal estate taxes paid under protest, the joining of a residuary legatee is permissable as that person's estate, under 1254 GC., would be diminished by the tax.

2.   Where suit is against the United States and a Revenue Collector thereof, the same cannot be joined as party defendants, because the right of action in each case is based upon different law.

514.   FEDERAL TAXATION—Where donor fixes life estate to terminate at a determinable future time, he holds same as life tenant until expiration of that time and if he dies before such time he dies a life tenant and such estate is therefore liable for federal estate taxes.

480.   EVIDENCE—A deed of trust, which contains a life estate to revert at a determinable future time or upon death of donor, is testamentary in character and evidence of what donor said or did before or after execution of such deed is not admissible to vary its terms. HICKENLOOPER, D. J.

The petition is drafted in the form of two separate causes of action.   By the first cause, Edgar Stark, executor et al, seek to recover the sum of $312,058.60 with interest, which, it is alleged, was illegally assessed and paid under protest as federal estate taxes.

Jan. 15, 1915, Jacob Schmidlapp executed a deed of trust to the Bankers Trust Co. of New York, whereby he transferred to them approximately $3,000,000 of investment securities with the power to hold same together with any other property that might be added later; to collect and receive rents, issues, interest and profits therefrom; and after paying all charges "to pay and apply the remainder quarterly to the use of the donor during his life time but not subsequent to Aug. 10, 1923 except as hereinafter provided."

The trust further provided that upon the death of the donor or if he should be living Aug. 10, 1923, the trustee was directed to divide the trust estate into two equal parts which were to be paid to the donor's two sons.

Further it was provided that during the lifetime of the donor he was to have control and direction of all investments and that the trustee shall be fully protected.   A further clause gave the donor power to revoke in whole, or alter in any way he desired, the trust agreement.

The creator of the trust died Dec. 18, 1919 and his sons survive.   The value of the trust as of that date was included in the valuation of the taxable estate upon the hypothesis that the trust so created was intended to take effect in possession and enjoyment upon donor's death.

The second cause of action seeks to recover from the collector of internal revenue for the First district of Ohio, the sum of $25,295.13 with interest, claimed to have been wrongfully assessed and paid under protest as additional federal tax.

The third cause of action contains no allegation of application for refund, such allegation being made in the first cause of action.

The United States demurred upon four grounds, first, that there is a misjoinder of parties plaintiff, the residuary of the decedent being joined; second, there is a misjoinder of parties defendant; and that the actions do not state facts sufficient to constitute causes of action.   The court ruling upon the demurrers, held:—

1.   The estate tax was paid by the executor from the assets of the estate without recourse upon the children of the decedent, the beneficiaries in remainder under the trust agreement.

2.   The Union Trust Co. of Cincinnati, a testamentary trustee for charitable purposes, is a proper party plaintiff under 12254 GC. although not indispensable, as their charitable trust would be diminished by the taxation, and, therefore, the first ground of the demurrer is overruled.

3.   The second ground of demurrer will be sustained as the suit against the U. S. is brought under 42 Stat. 311-227, and is tried to the court, while the action against the Collector is under different provisions of law and either party has the right to a trial by jury.

4.   The revenue acts relating to such matters are intended to include as taxable, all property conveyed during the life time of decedent by trust or otherwise, in which legal or equitable interest or possession therein is intended to be postponed until donor's death.

5.   The contention that the provision in the trust agreement which refers to the vesting at a determinable time, whether donor is deceased or not, takes it out of these acts, is untenable.

6.   The life estate still remains a life estate though, through a happening of an un-

certain contingency it may be terminated before death, because until that event happens the estate is a life estate and therefore the decedent died a life tenant.

7. Where the trust agreement is in this form it shall be construed as testamentary in character and neither declarations before or after the execution of the deed will be received to negate the clearly expressed intent of the trust deed itself.

Demurrer sustained.

Attorneys—Maxwell &Ramsey and Jos. S. Graydon for Stark et; Haveth E. Mau, U. S. Atty., and Simon Ross, Asst. U. S. Atty., for U. S.; all of Cincinnati.

---

## MASTER & SERVANT.

### COMMON LAW DEFENSES—SIMPLE TOOLS

**Hogan v. Baltimore & O. R. Co.** Hogan was injured while straightening handholds on railroad cars, when a wrench slipped causing him to fall to the ground. Further it is alleged that the Railroad Company, although employing more than five men, was not participating in or paying into the Workmen's Compensation fund. Judge Moorman held:

1. Petition alleging that employer was not participating in state insurance fund of Ohio under Ohio Workmen's Compensation Act, Sec. 1465-60 GC., held sufficient to show employer under Sec. 1465-73 was not entitled to avail itself of common law defenses since act is elective requiring voluntary acceptance by employee as well as employer, and approval by Board of Awards.

2. Under Sec. 6243-45, 9015-17, railroad employee using wrench for straightening handles on cars, held to have assumed risk arising from nature of simple tool in character of use. U.S.D., S.D. Ohio.

---

### WITNESSES—TESTIMONY

**Harris v .U. S.** The substantial question here is whether it was error to admit evidence of the reputation for official integrity of the prosecuting witness. The Court held:—

1. Where officer voluntarily testified that defendants offered him a bribe, defendant's denial and their testimony that officer offered to let them "fix it up," held not such an impeachment as authorized introduction of evidence of good character of officer or his reputation for truth and veracity.

2. Evidence of officer's reputation for official integrity is not competent as proof of general good reputation.

3. Witnesses testifying to reputation of officer for official integrity held without requisite knowledge for character witnesses. U. S. D. N.D. Ohio.

---

## COMMON PLEAS COURT